IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 1:20-cv-02101-RBJ

TONYA MCDANIEL,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

ORDER of DISMISSAL WITHOUT PREJUDICE

---

On October 5, 2015 Dr. Russel Poole, a dentist, performed a root canal on Tonya McDaniel at the Colorado Coalition for the Homeless's Dental Clinic in Denver. According to Ms. McDaniel, a drill bit broke off and was lost in her gum line, but she was assured that it should not cause future damage because the drill was sterile. On November 15, 2015 Carol Rykiel, a dental hygienist, performed a "deep cleaning" on Ms. McDaniel at the Clinic. During that procedure, according to Ms. McDaniel, Ms. Rykiel fractured a lower tooth in the back of Ms. McDaniel's mouth.

In 2018 an Xray revealed a hairline fracture at the bottom of the tooth, and that an infection was damaging healthy bone at Ms. McDaniel's jawline. Believing that the infection resulted from negligence during the two procedures in 2015, Ms. McDaniel, pro se, filed this lawsuit against the Colorado Coalition for the Homeless, Dr. Poole and Ms. Rykiel in the Denver District Court on April 10, 2010. ECF No. 4.

1

The Colorado Coalition for the Homeless is a federally supported health center. It has been deemed to be an employee of the Public Health Service by the Health Resources and Services Administration. ECF No. 1-2.[1] Also, the United States Attorney for the District of Colorado has certified that all three defendants originally named by the plaintiff in this case are deemed to be Public Health Service employees; that Dr. Poole and Ms. Rykiel were acting within the scope of their employment with respect to the acts and omissions that are the subject of the case; and that defendants are eligible for Federal Tort Claims Act coverage under the Federally Supported Health Centers Assistance Act, 42 U.S.C. §§ 233(g)-(n). ECF No. 1-3.

On July 17, 2020 defendants removed the case to federal court pursuant to 42 U.S.C. § 233(c). ECF No. 1. On the same day the United States moved, also pursuant to 42 U.S.C. § 233(c), to be substituted as the sole defendant in this case. ECF No. 2. The motion was granted. ECF No. 12.

The United States then moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(1), contending that the Court lacks subject matter jurisdiction because Ms. McDaniel did not exhaust her administrative remedies by filing an administrative claim with the Department of Health and Human Services ("HHS") or its Public Health Service division. ECF No. 21. In response Ms. McDaniel acknowledged that she had not filed an administrative claim, but she explained that she had complained to the Colorado Coalition for the Homeless, and no one told her that she needed to file a claim with HHS or the Public Health Service. *Id.* at 2.[2] In reply the defendant

---

[1] The United States Public Health Service is a division of the United States Department of Health and Human Services.

[2] In her response plaintiff also states that she wishes to amend her complaint to add racial discrimination claims under 42 U.S.C. § 1983. ECF No. 25 at 4-5. Under the court's local rules, which are published on the court's website, a motion cannot be made in a response to another motion. D.C.COLO.LCivR 7.1(d).

reiterated that plaintiff's failure to file an administrative claim with the appropriate federal agency was jurisdictional, and therefore, that the case must be dismissed without prejudice. ECF No. 26.

## ANALYSIS AND CONCLUSIONS

Ms. McDaniel seeks money damages based on the alleged negligence of federal government employees. She is able to do so because of the limited waiver of sovereign immunity provided by the Federal Tort Claims Act ("FTCA"). However, as a condition of the waiver, the FTCA requires that she exhaust her administrative remedies before filing suit. *Lopez v. United States,* 823 F.3d 970, 976 (10th Cir. 2018). Thus, before filing suit, the claimant must submit to the appropriate federal agency a written statement describing the alleged injury in sufficient detail and requesting a sum certain in damages, typically though not necessarily on an S-95 form. *Id.* The notice requirement is strictly construed. *Estate of Trentadue ex rel. Aguilar v. United States,* 397 F.3d 840, 852 (10th Cir. 2005). It is "'jurisdictional and cannot be waived.'" *Id.* (quoting *Bradley v. United States ex rel. Veterans Admin.,* 951 F.2d 268, 270 (10th Cir. 1991)).

Ms. McDaniel is a pro se litigant, and as such, the Court must construe her pleadings liberally. The problem is, a liberal construction does not help her if the Court lacks jurisdiction.

---

Also, a motion to amend could only be made after complying with the duty to confer set forth in D.C.COLO.LCivR 7.1(a) and the requirements of D.C.COLO.LCivR 15.1. Moreover, it is not clear what discrimination claims would be asserted against whom under what laws. She has mentioned § 1983, but that section typically would apply to claims against state actors who violate federal rights. It appears that racial discrimination claims are so distinct from the subject matter of this case that they should probably be brought in a separate action.

The exhaustion requirement applies equally to pro se claimants. *D'Addabo v. United States,* 316 F. App'x 722, 725 (10th Cir. 2008) (unpublished).

Ms. McDaniel represents that she complained to Colorado Coalition for the Homeless about the alleged negligence of Dr. Poole and Ms. Rykiel. However, to be properly exhausted, the administrative claim must be presented to the "appropriate Federal agency." 28 U.S.C. § 2675(a). *See Knapp v. United States,* No. 3;18-1422, 2020 WL 969624, at *6 (M.D. Pa. Feb . 28, 2020), *aff'd* 836 F. App'x 86 (3d Cir. 2020) (unpublished) (plaintiff's delivery of an SF-95 administrative tort claim form to her healthcare provider rather than to HHS did not exhaust her claim); *Afolabi-Brown v. Coombs,* No. 18-1409, 2019 WL 1331039, at *5 (D.D.C. March 25, 2019) (complaint to dental clinic and Board of Dentistry but not to HHS did not exhaust administrative remedy). The appropriate federal agency in this case is either HHS or its Public Health Service division. It is undisputed that Ms. McDaniel did not provide a notice of administrative claim to either agency.

Ms. McDaniel represents that no one told her that she needed to file a written notice of claim with HHS or the Public Health Service. But, her lack of knowledge of the exhaustion requirement does not excuse her failure to comply. *See, e.g., Pomeroy v. Quarles,* No. 5:01-CV-0633(FJS/DEP), 2001 WL 1708812, at *2 (N.D.N.Y. Nov. 7, 2001) (plaintiff's lack of knowledge that healthcare defendants were eligible for coverage under the FTCA did not excuse failure properly to exhaust claims before filing suit); *Toran v. Coakley,* No. 5:140-24371, 2017 WL 1227951, at *6 (S.D.W. Va. March 8, 2017) (the pro se inmate's lack of knowledge was "no excuse for his failure to exhaust" his FTCA claims, *recommendation adopted,* 2017 WL 1217203 (S.D.W. Va. March 31, 2017).

I understand the difficulties a pro se litigant might have in discovering the exhaustion requirement and how to comply with it. However, it is not just a bureaucratic trap for the unwary. The purpose of exhaustion requirement is to encourage administrative resolution of claims against the United States and thereby to prevent unnecessary litigation. *See, e.g., Lopez,* 823 F.3d at 976. In any event, because proper exhaustion is a jurisdictional prerequisite, but was not accomplished, the Court must dismiss this case for lack of subject matter jurisdiction. The dismissal will be without prejudice.

## ORDER

1. Defendant's motion to dismiss, ECF No. 21, is GRANTED. This civil action is dismissed without prejudice. Judgment will enter accordingly.

2. As the prevailing party, defendant is awarded its reasonable costs to be taxed by the Clerk pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 25th day of March, 2020.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge